## T. H. McMahan v. A. B. Hall and others.

1. Two executions emanating from judgments rendered against the same defendant, in other counties, came to the hands of the sheriff of H. county at different times. He levied both executions on goods of the defendant, and on sale of the goods applied part of the proceeds to the costs on the execution which first came to his hands, and the balance of the proceeds to the second execution. *Held*, to be a misapplication of the proceeds. They should have been applied to the full satisfaction of the first execution, before any part was applied to the second.
2. A sheriff will not, under Section 3780, Paschal's Digest, be charged with the ten per cent. per month damages, for applying the proceeds of goods sold under execution to the satisfaction of a wrong execution, when he does not appear to have been influenced in the transaction by corrupt or personal motives.

Appeal from Harris. Tried below before the Hon. James W. Henderson, special judge.

The opinion of the court sufficiently states the facts of the case.

*McConaughey & Faunt Le Roy*, for appellant.

*Chandler, Carleton & Robertson*, for appellees.

Walker J. There is in this case a very full and complete statement of the facts, which enables us the more readily to arrive at the question of law presented for our consideration.

The plaintiff had a judgment against M. N. Lunn, for four hundred and seventy-seven dollars and eight cents. Execution issued on the 24th of June, 1869, and came into the hands of Hall, the defendant, as sheriff, on the same day. On the 14th day of July following, another execution against Lunn, upon a judgment rendered in Fort Bend county, in favor of one Autry, was placed in the sheriff's hands. He levied both executions on a stock of goods in part belonging to Lunn, on the 21st day of July; and on the 31st day of July, 1869, sold the same for

the sum of three hundred and eighty-five dollars. Twenty-one dollars and fifty cents of this money he applied to the payment of the costs on the first execution which came into his hands; the balance of the money he applied to the second execution.

This was a misapplication of the funds, and Hall and his securities are liable for the money. This was a motion filed under the statute. (Article 3781, Paschal's Digest.) The duty of sheriffs in like cases, is made plain by Articles 3780 and 5103, Paschal's Digest.

We are asked to reverse and reform this judgment with ten per cent. damages per month for the entire time the sheriff has neglected to pay over this money. And it is true that ignorance of the law excuses no one. But is this a case for such punitory damages? The sheriff did not retain the money in his own hands, but paid it out upon a wrong execution; he derived no personal interest or advantage from the transaction, and we think therefore is not chargeable, in an equitable view of the matter, with the damages sought to be recovered. The motion will be revived in favor of Mrs. McMahan, for three hundred and eighty-five dollars, less twenty-one dollars and fifty cents, and on this sum she will have interest at the rate of eight per cent. per annum.

Ordered accordingly.

(*Reporter's note.*—Subsequent to the delivery of this opinion, the judgment was corrected in respect of its amount; but the short opinion then delivered presents no question of law, and therefore is not inserted here.)